On writ of certiorari (329 U. S. 694) to review a judgment of the Court of Claims holding that the Ute Indians had no compensable interest in certain lands.
The judgment of the Court of Claims was affirmed by the Supreme Court February 17, 1947.
Mr. Justice Black delivered the opinion of the Supreme Court, holding:
1. The President, upon his withdrawal of land from the public domain by Executive Order for the purpose of adding to an Indian Reservation, has no authority to convey anything more than a transitory possessory interest of which the Indians may subsequently be dispossessed by the Government without compensation.
*765 2. A Presidential Executive Order making an addition out of the public domain to an Indian Beservation established by treaty makes the Indians no more than tenants at will of the Government on such addition.
3. The fact that the Ute Indians in agreeing to cede their Colorado reservation to the United States upon a consideration, which included payment to them of a part of the proceeds of sale to settlors, may have believed that they had a compensable interest in lands added to the reservation by Presidential order, does not entitle them to compensation for such lands, where the President was without authority to convey more than a transitory possessory interest thereto; where the order did not purport to. convey more; where the Act of Congress embodying the agreement with the Indians merely referred to lands the title to which was by the Indians released by the said agreement and conveyed to the United States'; and where the transfer of the Indians to another reservation was intended as a punishment.
4. The rule that a treaty with Indians is to be construed so as to carry out the Government’s obligations in accordance with the fair understanding of the Indians does not require the court, under the guise of statutory interpretation, to hold that Indians owned lands merely because they thought they did, where to so hold would be to create Presidential authority where there was none and to rewrite Congressional acts so as to make them something they obviously were not intended to mean.
Mr. Justice Murphy filed a dissenting opinion, in which Mr. Justice Frankfurter and Mr. Justice Douglas joined, holding that the United States “is morally and legally obligated to pay for the land in issue in this case” and holding further that the case should be remanded to the Court of Claims for additional findings.